UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREATHORSE SHIPPING LTD. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| OLDENDORFF CARRIERS GMBH & CO. KG | * | JUDGE |
| | * | |
| | * | MAGISTRATE |
| | * | |

## ORIGINAL VERIFIED COMPLAINT

Plaintiff, Greathorse Shipping Ltd. ("Greathorse"), by and through its undersigned counsel, Chaffe McCall, L.L.P., respectfully submits its Original Verified Complaint against the Defendant, Oldendorff Carriers GmbH & Co. KG ("Oldendorff"), and would show as follows:

I.

Jurisdiction is proper pursuant to 28 U.S.C. § 1333, Rule 9(h) and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

II.

Venue is proper in this Court because the M/V JOHANN OLDENDORFF a vessel owned by Defendant is presently located within this District. *See* copy of ownership information from Equasis attached hereto as Exhibit A.

III.

Plaintiff Greathorse is a foreign entity organized and existing pursuant to the laws of a foreign country.

IV.

Defendant Oldendorff is a foreign entity organized and existing pursuant to the laws of a foreign country.

V.

On or about October 23, 2014, Greathorse entered into a New York Produce Exchange Form Charter Party (hereinafter "Charter Party") with Oldendorff, wherein Oldendorff agreed to charter the M/V TIGER SHANGHAI, a vessel owned by Greathorse for a minimum period of 22 months. *See* charter party dated October 23, 2014 attached hereto as Exhibit B

VI.

On January 19, 2015, while under charter to Oldendorff, the M/V TIGER SHANGHAI struck a shoal or other uncharted object while entering the Port of Buenaventura, Colombia causing it to ground and sustain significant physical damage. The damage sustained by the M/V TIGER SHANGHAI was a result of Defendant's breach the safe berth warranty provided for in clauses 12 and 120 of the charter party.

VII.

The physical damage sustained by the M/V TIGER SHANGHAI as a result of Defendant's breach of the safe berth warranties included in the charter party required extensive repairs completed at the Port of Dubai, UAE for a total cost of $1,757,246.50. *See* itemized description of repair costs attached hereto as Exhibit C.

VIII.

The extent of the damage sustained by the M/V TIGER SHANGHAI required that the Vessel remain at dry dock from April 29, 2015 through early July 2015. In spite of the fact that the repairs to the Vessel were made necessary by Defendant's own breach of the charter

agreement, Oldendorff terminated the charter party on May 29, 2015, prior to the minimum charter term expiring, thus breaching the terms of the charter party and causing material damages to Greathorse. *See* Defendant's Notice of Termination attached hereto as Exhibit D.

IX.

On the basis of the foregoing, Plaintiff is seeking $1,457,775.00 for wrongful repudiation of the charter party and $739,877.85 for outstanding charter hire owed by Defendants in addition to $1,757,246.50 related to the cost of repairing the M/V TIGER SHANGHAI and all interests, costs and fees. *See* invoices for charter hire from April 19 through June 18, 2015 attached hereto as Exhibit E.

## **RULE B ALLEGATIONS**

X.

Greathorse incorporates all previous allegations as Rule B allegations as if set forth herein *in extenso*.

XI.

On the basis of the foregoing allegations, Oldendorff is indebted to Greathorse as a result of the breach of the charter party dated October 23, 2014.

XII.

Upon information and belief, Oldendorff cannot be found within the district or within the jurisdiction of this Court within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. However, Oldendorff owns and/or possesses an attachable interest in property presently within the jurisdiction of the Court, namely the M/V JOHANN OLDENDORFF. This property may be attached pursuant to Rule B of the Supplemental Rules

for Certain Admiralty and Maritime Claims and sold to secure and satisfy Greathorse's claim herein.

WHEREFORE, Plaintiff Greathorse Shipping Ltd. prays:

1. That this Original Verified Complaint be deemed good and sufficient;

2. That process in due form of law according to the practice of this Court in cases of admiralty jurisdiction issue against Oldendorff Carriers GmbH & Co. KG citing it to appear and answer under oath all and singular matters alleged in this Original Verified Complaint, failing which default judgment be entered against Oldendorff.

3. That because the Defendants cannot be found within this District and have no agent(s) for service of process in this District, the Court issue an Order directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims attaching the M/V JOHANN OLDENDORFF and all other goods, chattels, credits, letters of credit, bill of lading, effects, debts and monies, tangible or intangible, or any other belonging to, due or being transferred to, from, or for the benefit of Oldendorff, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint;

4. That the Plaintiff receive such other, further relief as the Court deems just, proper and equitable.

Respectfully submitted,

*/s/ Adelaida J. Ferchmin*

Daniel A. Tadros, T.A. #21906
Adelaida J. Ferchmin #29859
CHAFFE McCALL L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
**Attorneys for Greathorse Shipping Ltd.**