UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIGER BULK NO. 2, LTD. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 15-2651 |
| | * | |
| OLDENDORFF CARRIERS GMBH & CO. KG | * | SECTION "L" (4) |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE ROBY |

## EX PARTE/CONSENT MOTION TO STAY PENDING ARBITRATION

Plaintiff, Tiger Bulk No. 2 Ltd. ("Tiger Bulk"), owner of the M/V TIGER SHANGHAI (hereinafter referred to as "Vessel"), appearing through undersigned counsel, respectfully moves this Honorable Court for an Order staying the above-captioned matter pending resolution of the merits of this dispute in arbitration between Tiger Bulk and Oldendorff Carriers GMBH & Co. KG ("Oldendorff Carriers"), and in support thereof avers:

As set forth in Tiger Bulk's First Amended Verified Complaint (Rec. Doc. 6), this dispute arises out of the alleged breach by Defendant Oldendorff Carriers of a certain time charter of the M/V TIGER SHANGHAI from Tiger Bulk. Specifically, Tiger Bulk contends Defendant Oldendorff Carriers breached its safe berth/safe port warranties under the charter agreement because the vessel grounded on a shoal or other uncharted object while entering the Port of Buenaventura, Colombia, causing it damage. Plaintiff claims that under English law, Defendant Oldendorff Carriers is therefore in breach of the safe berth/safe port warranty.

Defendant Oldendorff Carriers denies liability and contends that it was properly entitled to cancel the charter. Defendant also claims from plaintiff the value of the bunkers or fuel oil

2734638-1

remaining aboard TIGER SHANGHAI when the charter was canceled. These bunkers had been purchased by defendant Oldendorff Carriers. Defendant therefore sought counter-security under Admiralty Rules E(7) and E(5) from plaintiff for USD $1,245,730.00.

The subject charter party contains an arbitration clause which provides as follows:

> (b)London. All disputes arising out of this contract shall be arbitrated at London and, unless the parties agree forthwith on a single Arbitrator, be referred to the final arbitrament of two Arbitrators carrying on business in London who shall be members of the Baltic Merchantile & Shipping Exchange and engaged in Shipping, one to be appointed by each of the parties, with the power to such Arbitrators to appoint an Umpire. No award shall be questioned or invalidated on the ground that any of the Arbitrators is not qualified as above, unless objection to his action be taken before the award is made. Any dispute arising hereunder shall be governed by English Law.[1]

In accordance with the foregoing, the parties have or will soon submit their dispute to arbitration before a duly constituted panel of arbitrators in London. As the instant lawsuit and the Letter of Undertaking provided in connection with the Rule B attachment of Defendant Oldendorff Carriers' vessel the M/V JOHANN OLDENDORFF provide Tiger Bulk with security in the London arbitration and a forum in which to enforce any award resulting therefrom, Tiger Bulk respectfully requests that the Court stay this action pending resolution of the merits of this dispute in arbitration. Section 8 of the Federal Arbitration Act specifically instructs that this action should be stayed under such circumstances:

> If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.[2]

---

[1] R. Doc. 6-2, p.13.
[2] Federal Arbitration Act, 9 U.S.C. § 8 (2012).

Accordingly, Tiger Bulk respectfully requests that its Motion to Stay Pending Arbitration be GRANTED.

Undersigned has discussed this motion with counsel for Defendant Oldendorff Carriers and is advised that Defendant Oldendorff Carriers consents to Tiger Bulk's request.

Respectfully submitted,

*s/ Laura B. Knoll*
Daniel A. Tadros, T.A. #21906
Laura B. Knoll, #36534
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
*Attorneys for Tiger Bulk No. 2 Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on counsel for all parties of record via e-mail, regular mail, facsimile, and/or ECF Filing this 14th day of July, 2016.

*s/ Laura B. Knoll*
Laura B. Knoll

2734638-1